IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| OLANDO LAMAR WILSON, | ) | 8:11CV193 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on May 31, 2011. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

**I.   SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint on May 31, 2011, against the Nebraska Department of Correctional Services ("NDCS"), the Tecumseh State Correctional Institution ("TSCI") and four individual NDCS or TSCI employees ("Individual Defendants"). (Filing No. 1 at CM/ECF p. 1.) Plaintiff sues each of the Individual Defendants in both their individual and official capacities. (*Id*.) Plaintiff is currently confined at TSCI in Tecumseh, Nebraska. (*Id*.; *see also* Docket Sheet.)

Condensed and summarized, Plaintiff alleges that on May 14, 2010, Plaintiff walked into the control center and asked Caseworker Jordan for a canteen sheet. (Filing No. 1-1, Attach. 1 at CM/ECF p. 1.) Caseworker Jordan placed the canteen sheet into the control center hatch and deliberately pushed the hatch into Plaintiff's mouth, which chipped his teeth. (*Id*.) Plaintiff then asked for a grievance, which Caseworker Jordan provided. (*Id*.) Three days later, Plaintiff went to open sick call and was given Tylenol for pain. (*Id*. at CM/ECF p. 2.) The next day, Plaintiff visited a TSCI dental assistant who scheduled Plaintiff for an appointment with dentist "Dr.

Ogden" on May 19, 2010. (*Id*.)

At Plaintiff's dentist appointment, Dr. Ogden took x-rays of Plaintiff's mouth and confirmed that he had a chipped tooth. (*Id*.) Dr. Ogden also directed Plaintiff to take Penicillin three times a day. (*Id*.) On July 19, 2010, Plaintiff visited Dr. Ogden for a follow-up appointment. (*Id*. at CM/ECF p. 3.) At the follow-up appointment, Dr. Ogden discovered another chipped tooth and advised Plaintiff to use "synsodyne [sic]" toothpaste to help with sensitivity. (*Id*.) Plaintiff visited Dr. Ogden again on November 24, 2010. (*Id*.) At this appointment, Dr. Ogden filed Plaintiff's teeth to smooth out the chips. (*Id*.)

Plaintiff asserts that his teeth are still sensitive and asks the court to order Defendants to fix them properly. (Filing No. 1 at CM/ECF p. 6.) He also asks for monetary damages in the amount of $100,000. (*Id*.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

2

liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III. DISCUSSION OF CLAIMS

*A. Sovereign Immunity*

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g., Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon*, 656 F.2d 372, 377-78 (8th Cir. 1981). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 which seek equitable relief from state employee defendants acting in their official capacity.

Here, Plaintiff sues NDCS, TSCI and several individual state employees in both their individual and official capacities. (Filing No. 1 at CM/ECF p. 1.) As set forth above, the Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and employees of a state sued in their official capacities. Consequently, Plaintiff's monetary damages claims against NDCS, TSCI and the Individual Defendants in their official capacities are barred by the Eleventh Amendment. However, the Eleventh Amendment does not bar Plaintiff's equitable relief claims or Plaintiff's monetary claims against the Individual Defendants in their individual capacities.

  B. *Eighth Amendment Medical*

  The court liberally construes Plaintiff's allegations to allege an Eighth Amendment claim relating to denial of medical treatment. A prisoner-plaintiff seeking relief for claims relating to his medical care must allege that a defendant-prison official was deliberately indifferent to the plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997)). Further, a plaintiff must allege that he had objectively serious medical needs, and that officials actually knew of but deliberately disregarded those needs. *Hartsfield v. Colburn,* 491 F.3d 394, 396-97 (8th Cir. 2007); *Johnson v. Hamilton*, 452 F.3d 967, 972-73 (8th Cir. 2006). "[S]ociety does not expect that prisoners will have unqualified access to health care." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Therefore, "deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Id.* (citing *Estelle,* 429 U.S. at 103-04).

  Here, Plaintiff visited open sick call, a dental assistant and a dentist. (Filing No. 1-1, Attach. 1 at CM/ECF pp. 2-3.) In 2010, Dr. Ogden examined Plaintiff on three separate occasions, provided Plaintiff with medication, advised Plaintiff to use "synsodyne [sic]" toothpaste, and filed Plaintiff's teeth to smooth out the chips. (*Id*.) Thus, even if Plaintiff's tooth sensitivity is a serious medical need, which the court doubts,[1] it is clear from Plaintiff's Complaint that Defendants are not disregarding that need. In light of this, Plaintiff has failed to state an Eighth Amendment medical claim upon which relief may be granted.

---

[1]*See, e.g., Greene v. Pollard*, No. 08-C-728, 2008 WL 4821285, at *1 (E.D. Wis. Nov. 4, 2008) ("Mere sensitivity in a tooth, however, does not sufficiently allege a 'serious medical need' to which someone can be deliberately indifferent."); *Hobbs v. Fulco*, No. 5:09CV00368 BSM/HDY, 2010 WL 6576059, at *2-3 (E.D. Ark. Nov. 22, 2010) (indicating that tooth sensitivity can be treated in a variety of different ways including sensitivity toothpaste).

4

### C. *Eighth Amendment Excessive Force*

In addition to his Eighth Amendment medical claim, Plaintiff alleges an Eighth Amendment excessive force claim. "It is well established that a malicious and sadistic use of force by a prison official against a prisoner, done with the intent to injure and causing actual injury, is enough to establish a violation of the Eighth Amendment's cruel and unusual punishment clause." *Williams v. Jackson*, 600 F.3d 1007, 1012 (8th Cir. 2010) (internal quotations omitted). However, "'not . . . every malevolent touch by a prison guard gives rise to a federal cause of action,' a *de minimis* application of force will not give result in a constitutional violation." *Id*. (quoting *Hudson v. McMillan*, 503 U.S. 1, 9 (1992)); *see also Wilkins v. Gaddy*, 130 S.Ct. 1177-78 (2010) ("An inmate who complains of a push or shove that causes no discernable injury almost certainly fails to state a valid excessive force claim." (internal quotation marks omitted)). Where the force applied is excessive, however, a constitutional claim may survive summary dismissal even if the resulting injury is *de minimis*. *Wilkins*, 130 S.Ct. at 1180.

Here, Plaintiff alleges that he walked into the control center and asked Caseworker Jordan for a canteen sheet. (Filing No. 1-1 at CM/ECF p. 1.) Caseworker Jordan placed the canteen sheet into the control center hatch and deliberately pushed the hatch into Plaintiff's mouth, which chipped his teeth. (*Id*.) Plaintiff then asked for a grievance, which Caseworker Jordan provided. (*Id*.) When read as a whole, these allegations do not allow the court to reasonably infer that Caseworker Jordan maliciously and sadistically pushed the control center hatch into Plaintiff's mouth. However, on the court's own motion, Plaintiff shall have 30 days to file an amended complaint to allege facts sufficient to show that Caseworker Jordan maliciously and sadistically pushed the hatch into his mouth with intent to injure him. Any amended complaint shall restate the allegations of Plaintiff's prior Complaint (filing no. 1) and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, Plaintiff's Eighth Amendment

excessive force claim will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

    D.    *State Law Claims*

Liberally construing the Complaint, Plaintiff may also have claims for violations of state law such as assault and malpractice. Pending amendment of the Complaint as set forth in this Memorandum and Order, the court makes no finding regarding its jurisdiction over any potential state law claims.

IT IS THEREFORE ORDERED that:

1.    Plaintiff shall have until **October 28, 2011**, to amend his Complaint and clearly state a claim upon which relief may be granted, in accordance with this Memorandum and Order. If Plaintiff fails to file an amended complaint, this matter will be dismissed without further notice for failure to state a claim upon which relief may be granted.

2.    In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (filing no. 1), and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

3.    The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on October 28, 2011.

4.    Plaintiff shall keep the court informed of his current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice.**

DATED this 3rd day of October, 2011.

BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.