IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| OLANDO LAMAR WILSON, | ) | 8:11CV193 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on its own motion.  On October 3, 2011, this court conducted an initial review of Plaintiff's Complaint, finding that it failed to state a claim upon which relief may be granted.  (Filing No. 10 at CM/ECF pp. 6-7.)

In particular, the court determined that (1) Plaintiff's monetary damages claims against the Nebraska Department of Correctional Services ("NDCS"), the Tecumseh State Correctional Institution ("TSCI") and four individual NDCS or TSCI employees in their official capacities were barred by the Eleventh Amendment, (2) Plaintiff failed to state an Eighth Amendment medical claim upon which relief may be granted, and (3) Plaintiff failed to state an Eighth Amendment excessive force claim upon which relief may be granted.  (*Id.* at CM/ECF pp. 3-6.)  However, the court gave Plaintiff until October 28, 2011, to file an amended complaint that contained facts sufficient to state an Eighth Amendment excessive force claim.  (*Id.* at CM/ECF pp. 5-6.)

On October 21, 2011, Plaintiff filed his Amended Complaint.  (Filing No. 11.) In his Amended Complaint, Plaintiff alleges that on May 14, 2010, he approached the TSCI "control center bubble" and asked Caseworker Jordan ("Jordan") for a canteen sheet.  (*Id.* at CM/ECF p. 1.)  Jordan talked with Plaintiff through a "hatch" that the inmates use to obtain things from inside the control center.  (*Id.* at CM/ECF pp. 1-2.) When Plaintiff "went to respond through the hatch" Jordan "negligently" pushed the hatch into his mouth and chipped Plaintiff's teeth.  (*Id.* at CM/ECF pp. 1-2; Filing No.

1-1.)  Plaintiff asked Jordan to contact medical, but Jordan "denied" his request. (Filing No. 11 at CM/ECF pp. 1-2.)  Plaintiff then asked Jordan for a grievance, which she provided.  (*Id*.)  Plaintiff subsequently received treatment from open sick call, a TSCI dental assistant, and "Dr. Ogden," a TSCI dentist.  (Filing No. 1-1 at CM/ECF pp. 1-3.)

On initial review, the court informed Plaintiff that his allegations, when read as a whole, were insufficient for the court "to reasonably infer that [] Jordan maliciously and sadistically pushed the control center hatch into [his] mouth."  (Filing No. 10 at CM/ECF p. 5.)  Plaintiff's Amended Complaint still suffers from this defect. Plaintiff only asserts that Jordan "negligently" pushed the hatch into his mouth. (Filing No. 11 at CM/ECF pp. 1-2.)  Allegations of negligence do not support a claim for relief under § 1983.  *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (stating the core judicial inquiry for an excessive force claim is whether force was applied maliciously and sadistically to cause harm).  Accordingly, the court finds that Plaintiff has not set forth enough factual allegations to nudge his Eighth Amendment excessive force claim across the line from conceivable to plausible, and it must be dismissed for failing to state a claim upon which relief may be granted.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Separately, Plaintiff alleges, for the first time, that Jordan violated his equal protection and due process rights by "failing to document the incident and provide medical treatment."  (Filing No. 11 at CM/ECF p. 1.)  However, Plaintiff's pleadings belie this allegation.  Plaintiff clearly alleges that Jordan provided him with a grievance and that he was provided with medical care.  (*Id*.; Filing No. 1-1.) Moreover, he does not allege that he was treated differently than a similarly situated inmate.  *See Flowers v. City of Minneapolis*, 558 F.3d 794, 798 (8th Cir. 2009) (concluding that in order to establish an equal protection violation, a plaintiff must

2

show that he "was treated differently than other persons who were in all relevant respects similarly situated") (internal quotation omitted).

For these reasons, and for the reasons set forth in the court's October 3, 2011, Memorandum and Order, Plaintiff's Amended Complaint fails to state a federal claim upon which relief may be granted.  Although Plaintiff's allegations do not establish a federal claim, liberally construed, they may be enough to establish a state law claim such as negligence or malpractice.  The court declines to exercise supplemental jurisdiction over such a claim because it has dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3).  However, the court will dismiss Plaintiff's Amended Complaint without prejudice to reassertion in the proper forum.

IT IS THEREFORE ORDERED that:

1.    Pursuant to 28 U.S.C. § 1915(e)(2)(ii), Plaintiff's Amended Complaint is dismissed without prejudice because it fails to state a claim upon which relief may be granted.

2.    A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 9th day of November, 2011.

BY THE COURT:

*Richard G. Kopf*
United States District Judge

3

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

4